Barnhart, Appellant, v. Bodenhammer et al., Respondents.

1. Under the school law, which declares that the certificate which the school commissioner is required to grant to teachers after examination shall not be valid for more than one year, without the approval of the commissioner endorsed thereon, and that every teacher, before being employed by any board of trustees, shall obtain and produce a certificate, (R. C. 1855, p. 1430, § 5, div. 4); held, that although the approval of the commissioner is not endorsed in writing on the certificate, yet where he signified his approval in words and declared the teacher competent, and gave his sanction to the previous arrangement of the school in the presence of the trustees, the spirit of the law is complied with, and the trustees can not be held liable for the amount paid the teacher from the time of the expiration of his certificate.

*Appeal from Webster Circuit Court.*

*Waddill,* for appellant.

I. The statute requires the trustees to know a valid certificate is in the hands of the proposed teacher before they can employ him and pay out public money; then, of course, they can only employ so long as he has a valid certificate. The law in that particular should be construed strictly, otherwise great injury would be done our common school system. If trustees can disregard the law and employ and pay over money for two or three months after the certificate expires, they can employ for two or three years after the certificate

Barnhart v. Bodenhammer.

of school commissioners has ceased to authorize the paying out public money belonging to the school fund of the respective counties. In the case before the court, the trustees, in utter disregard of the law on the subject, paid about seventy-five dollars to Potter as a school teacher, without any authority by law for so doing, Potter's certificate having expired at the end of the first two months of the school. (R. C. p. 1430, part 4, § 5.) The intention of the legislature was to place such guards around the school money as would put it beyond the power of interested or corrupt trustees from using public money to serve their own private purposes. One of those restrictions was that no trustees should employ a teacher and pay public money to him unless he had a valid certificate. The law requires the teacher to have good moral character, as well as other qualifications, and the certificate irrevocable during twelve months, and at the end of twelve months expires of itself.

*Orr*, for respondent.

I. By reference to the school law, (R. C. 1855, p. 1430, § 5,) we learn the duties of the county commissioners, one of which is to examine all candidates proposing to teach, who shall produce satisfactory evidence as to moral character, and after enumerating in what branches he shall be examined, then, if he is qualified, to give him a certificate, which shall be valid for twelve months. A statute prescribing qualifications to an officer is merely directory, and although an appointee does not possess the requisite qualifications, is not therefore void. (St. Louis County Court v. Sparks, 10 Mo. 117.) If the appellant can recover in this action, the president can sue Potter and recover the money back, and thus cause a competent teacher to lose three months' labor out of five, when he did all in his power to discharge his duty.

EWING, Judge, delivered the opinion of the court.

This is an action on the defendant, Bodenhammer's bond, given as president of the board of trustees of a certain school

district. The breach assigned is the payment of school money to a teacher, who had not at the time the required certificate from the county commissioner.

It appears from the bill of exceptions that the trustees employed the teacher to teach a five months' school, who at the time had a certificate from the commissioner; that the teacher complied with his engagement with the trustees, but that the year for which his certificate was given expired during the school term, some three months before its expiration, and the certificate was not renewed by the formal endorsement of the commissioner. It also appeared that before the year expired, the teacher applied to the commissioner for a renewal of his certificate, who informed him it was unnecessary; that it would be good for that school, as he had a certificate when employed by the trustees. It further appears that during the school, and after the certificate had expired, the commissioner, in deciding some matter of controversy between the teacher and one of his patrons, which had been submitted to him, pronounced the teacher competent, and endorsed his conduct of the school, the trustees being present.

The school law declares that the certificate shall not be valid for more than one year, without the approval of the school commissioner endorsed thereon, and that every teacher, before being employed by any board of trustees, shall obtain and produce a certificate, as required by law. With this last provision it is conceded the trustees complied; and as it respects the former, although the commissioner's approval was not evidenced in the precise form required in writing on the certificate, he nevertheless signified his approval in words, declared the teacher competent, and gave his sanction to the previous management of the school, in the presence of the trustees. The spirit of the law, we think, was complied with, and the judgment was for the right party.

Judgment affirmed; Judge Napton concurring. Judge Scott sick.